**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STANLEY NIBLACK,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY CORRECTIONAL HEALTHCARE, et al.,<br><br>Defendants | Civil Action No. 16-1087 (JLL) (JAD)<br><br>**OPINION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 25). Pursuant to Federal Rule of Civil Procedure 78, the Court resolves Plaintiff's application without oral argument. After having carefully considered the parties' submissions, and for the reasons stated below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On November 16, 2015, Stanley L. Niblack ("Plaintiff") commenced this action in the Superior Court of New Jersey against Defendants University Correctional Healthcare ("UCHC"), University Behavioral Healthcare ("UBHC"), Dr. Jeffrey Dickert, Dr. Arthur Brewer, Jennifer Hobbs-Szabo, Maggie Conrad, Harold Moeller, William Briglia, Mechele Morris, Dr. Ralph Woodward, Dr. Louis Collella, and unnamed "Dr. John Doe" and "Jane Doe" defendants, all of whom, Plaintiff alleges, were involved in administering and supervising dental care to inmates at the Southern State Correctional Facility ("SSCF"). (See generally, Compl., Ex. A to Notice of

Rem., ECF No. 1). Plaintiff, formerly an inmate at SSCF, alleged that on or around August 12, 2015, he requested to see a dentist regarding "an enormously excruciatingly painful tooth or bone protruding through [his] gums", but was not called for triage. (Compl. ¶¶ 17-18, ECF No. 1). Plaintiff further alleged that he submitted grievances through the "Jpay" system seeking emergency dental care, that he subsequently sent letters of grievance to multiple doctors associated with UCHC and UBHC,[1] and that he never received any responses. (Id. ¶¶ 19-21). Plaintiff also alleged that he ultimately extracted the tooth fragment himself with a pair of nail clippers. (Id. ¶ 22). Plaintiff stated that Defendant Dr. Jennifer Hobbs-Szabo is a dentist for UCHC and UBHC who referred Plaintiff to an inmate handbook, and that, though Plaintiff ultimately appealed Dr. Hobbs-Szabo's action, Plaintiff never receive a response to his appeal. (Id. ¶¶ 22-24).

Based on these factual allegations, Plaintiff asserted several claims against Defendants, alleging violations of his rights under the Eighth Amendment, Fourteenth Amendment, the New Jersey Constitution, and New Jersey Civil Rights Acts of 2004. (Id. ¶¶ 26-35). First, Plaintiff claimed that Defendants UHCH, UBCH, John Doe, Jane Doe, and Hobbs-Szabo failed to provide him with dental treatment, thereby causing an "unnecessary and wanton infliction of pain." (Id. ¶ 26-29). Second, Plaintiff alleged that the same defendants were deliberately indifferent to his dental needs, thereby placing him at a greater risk of harm. (Id. ¶¶ 30-31). Third, Plaintiff claimed that Defendants UCHC, UBHC, Dickert, Brewer, Conrad, Moeller, Briglia, Morris, Woodward, and Collella implemented a policy to withhold treatment from Plaintiff and other similarly situated prisoners. (Id. ¶¶ 32-33). Fourth, Plaintiff alleged that all Defendants' failure to respond to his complaints regarding lack of dental treatment constituted another form of deliberate indifference

---

[1] Plaintiff states that UCHC and UBHC are the entities responsible for providing SSCF inmates with dental care. (Id. ¶ 14).

2

to his dental needs. (Id. ¶¶ 34-35). Finally, Plaintiff alleges that all Defendants "failed [sic] meet their contractual obligations to the plaintiff and other simarly [sic] situated prisoners by not abiding by their obligations to provide them with comprehensive medical and dental treatment or care." (Id. ¶ 36).

On February 25, 2016, certain Defendants removed this action to the United States District Court. (See generally Notice of Removal, ECF No. 1). Defendants Brewer, Conrad, Dickert, Moeller, and Morris filed an Answer on March 3, 2016. (ECF No. 2). Defendants Collella and Woodward answered the complaint on July 6, 2016. (ECF No. 11). The Court thereafter conducted video conferences on October 25, 2016 and February 2, 2017, to discuss Plaintiff's efforts to serve the remaining defendants, as well as the legal status of both UCHC and UBHC. By Letter Order dated February 6, 2017, the Court Ordered counsel for Defendants Dickert, Brewer, Conrad, Moeller and Morris to accept service on behalf of Defendants Briglia and Hobbs-Szabo. (ECF No. 24). Those Defendants ultimately waived service and filed responsive pleadings on April 17, 2017. (ECF No. 41). To date, only Defendants UCHC and UBHC have not answered Plaintiff's Complaint. Counsel for Defendants Dickert, Brewer, Conrad, Moeller and Morris advised that "UCHC and UBHC are unincorporated constituent units of Rutgers, The State University of New Jersey, an instrumentality of the State of New Jersey. UCHC operates within UBHC." (Nov. 8, 2016 Letter at 1, ECF No. 22). Mindful of the potential need for Plaintiff to amend his Complaint to substitute Rutgers in place of those entities and to add claims against other individuals involved in his care (as discussed during the February 2, 2017 video conference), the Court noted that Plaintiff could seek leave to amend in the ordinary course. (Feb. 6, 2017 Order at 2-3, ECF No. 24).

On February 6, 2017, Plaintiff filed a motion for leave to amend his complaint in order to add Rutgers University, Dr. Robert Barchi (President of Rutgers University), and Dr. Robert Zamrin (a doctor affiliated with UCHC and UBCH through Rutgers University) as additional named defendants under several of his existing legal claims. (See generally Prop. Am. Compl., ECF No. 25-5). Plaintiff's proposed amended pleading also includes new factual allegations. For instance, Plaintiff contends that Rutgers is responsible for providing dental treatment to inmates at SSCF through UCHC and UBHC, (id. ¶¶ 7, 9-10), and that Rutgers has a policy of withholding emergency dental treatment from prisoners. (Id. ¶ 28). Plaintiff also alleges that Dr. Zamrin is responsible for providing dental treatment to inmates at SSCF, and that, on August 17, 2015, Dr. Zamrin cancelled Plaintiff's scheduled dental appointment. (Id. ¶¶ 13, 26). Other than to identify him as the President of Rutgers University, Plaintiff did not make any factual allegations concerning proposed defendant Robert Barchi. (See generally id.). Plaintiff's motion is now fully briefed. (ECF Nos. 32-33, 38).

## II.    LEGAL DISCUSSION

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings, and provides, in pertinent part, that a party may amend after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No. 11-1656 (JLL), 2013 U.S. Dist. LEXIS 54866, at *17-18 (D.N.J. April 15, 2013) (internal citations omitted) (acknowledging that "if the underlying facts relied upon by

4

a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al. v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 292 F. 3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F. 3d 196, 204 (3d Cir. 2006) (stating that leave to amend should typically be granted "unless equitable considerations render it otherwise unjust.").

Here, Defendants argue that the Court should deny Plaintiff's proposed amendment on futility grounds. (See generally ECF Nos. 32, 33). Nothing in the record suggests that, in seeking leave to amend at this juncture, Plaintiff has engaged in undue delay or is acting in bad faith or with some dilatory motive. Similarly, it does not appear that granting Plaintiff leave to amend might result in any unfair prejudice. The Court will, therefore, focus on Defendants' futility arguments.

A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss." County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he

futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court notes that Defendants bear the burden of establishing that Plaintiff's proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572 at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA, No. 05-1771 (JLL), 2013 U.S. Dist. LEXIS 81440, *45 (D.N.J. Feb. 11, 2013).

Defendants Dicket, Brewer, Hobbs-Szabo, Conrad, Moeller, Briglia and Morris argue that Plaintiff should not be permitted to amend his pleading to include claims against Dr. Robert Barchi, as his proposed claims against Dr. Barchi would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). (See generally March 6, 2017 Letter, ECF No. 32).[2] This Court agrees. In his proposed pleading, Plaintiff seeks relief against Dr. Barchi with regard to every claim set forth in his original complaint, which the Court discussed above. (Prop. Am. Compl. ¶¶ 33-44, ECF No. 25-5). As Defendants correctly note, however, "[a] defendant in a civil rights action

---

[2] These Defendants do not take any position regarding Plaintiff's proposed claims against Rutgers University or Dr. Robert Zamrin. (Id. at 1, n.1).

must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." (Id.). Plaintiff's proposed amended pleading is devoid of any allegations of actions that Dr. Barchi either took or failed to take in connection with Plaintiff's situation. (See generally Prop. Am. Compl., ECF No. 25-5). Rather, Plaintiff has just included references to Dr. Barchi at the end of his descriptions of other Defendants' alleged conduct. (See id. ¶¶ 33, 35, 39). Though Plaintiff provided some discussion of Dr. Barchi's alleged role vis-à-vis Rutgers' alleged policy of denying dental care to inmates in his reply submission, (Pl. Reply at 2, ECF No. 38), that information really amounts to a recitation of legal conclusions and would be insufficient to establish a plausible entitlement to relief (even if Plaintiff included it in his pleading rather than in a brief). Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting Twombly, 550 U.S. at 556-57). As Plaintiff has not plead factual content sufficient to establish any plausible claims against Dr. Barchi, the Court finds that Plaintiff's proposed claims against him would be futile.

The Court notes that Defendants Woodward and Colella (the "State Defendants") filed a letter brief in which they joined in Defendants Dicket, Brewer, Hobbs-Szabo, Conrad, Moeller, Briglia and Morris's arguments concerning proposed Defendant Barchi. (State Defendants' March 6, 2017 Letter at 1, ECF No. 33). The State Defendants also argued that the Court should deny Plaintiff's amendment on futility grounds, as his proposed pleading does not state a claim against

either of the State Defendants. The Court notes, however, that Plaintiff is not seeking to add any claims against the State Defendants. (Compare Compl., Ex. A to Notice of Removal, ECF No. 1 with Prop. Am. Compl., ECF No. 25-5). Rather, Plaintiff asserted identical claims against the State Defendants in his original Complaint, and the State Defendants answered that pleading rather than filing a motion to dismiss. (See State Defendants' Answer, ECF No. 11). The State Defendants' attempt to attack Plaintiff's existing claims against them in the context of Plaintiff's motion for leave to amend is procedurally inappropriate. See Danise v. Saxon Mortg. Servs., No. 15-6062 (JLL), 2016 U.S. Dist. LEXIS 124155, at *25 (D.N.J. Sep. 12, 2016) ("Although the Court considers whether an amendment is futile based on whether it would survive a motion to dismiss, the Court must consider whether the amendment itself is futile, not the claims in the original Complaint.") (internal citation omitted). Indeed, from a practical perspective, even if the Court denied Plaintiff's motion in its entirety, and Plaintiff's original Complaint remained the operative pleading, the State Defendants would still be subject to the same set of claims.

As discussed above, the Court finds that Plaintiff's proposed claims against Dr. Barchi would be futile. As no party has established that Plaintiff's proposed claims against Rutgers University and Dr. Robert Zamrin are likewise futile, however, the Court must grant Plaintiff leave to amend as to those defendants. See Pharmaceutical Sales & Consulting Corp., 106 F. Supp. 2d at 764 (noting that those opposing a motion for leave to amend on futility grounds bear a "heavy burden" in establishing futility).

Finally, the Court must address Plaintiff's request to require defense counsel to accept service on behalf of Rutgers University and Dr. Robert Zamrin. (ECF Nos. 34, 37). At the time of Plaintiff's requests, the Court had not yet granted Plaintiff's motion for leave to amend and, therefore, neither Rutgers University nor Dr. Zamrin were parties to this matter. In short, there

was nothing to serve on those parties. Moreover, it is unclear whether any counsel currently involved in this matter will also ultimately come to represent either Rutgers University or Dr. Zamrin. Once Plaintiff amends his pleading in accordance with this Opinion and the accompanying Order, Plaintiff must then attempt to serve Rutgers University and Dr. Zamrin in the ordinary course. Perhaps, based on the procedural history of this matter to date, those defendants will opt to waive service or, alternatively, accept service through their counsel. If they do not, and Plaintiff is unable to otherwise serve those parties, Plaintiff may make an appropriate application to the Court.

## II. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 25), is **GRANTED IN PART AND DENIED IN PART**. Specifically, to the extent Plaintiff seeks to add claims against Dr. Robert Barchi, Plaintiff's motion is **DENIED**. Plaintiff's motion is **GRANTED** in all other respects. An appropriate form of Order accompanies this Opinion.

*[signature]* 5/2/17

**JOSEPH A. DICKSON, U.S.M.J.**

cc: Hon. Jose L. Linares, U.S.D.J.